**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HEATHER GUTEKUNST,** | : |
| | : |
| **Plaintiff** | CIVIL ACTION NO. 3:16-749 |
| | : |
| v. | |
| | : (JUDGE MANNION) |
| **NANCY A. BERRYHILL,**[1] | |
| **Acting Commissioner** | : |
| **of Social Security** | |
| | : |
| **Defendant** | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Arbuckle, (Doc. 11), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Arbuckle reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff, Heather Gutekunst,

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this suit.

has filed objections to Judge Arbuckle's report.[2] (Doc. 12). The Commissioner responded to plaintiff's objections. (Doc. 13). For the following reasons, the report and recommendation will be **ADOPTED** and plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

I.     **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining

---

[2]Plaintiff is represented by counsel in this case. The court notes that since Judge Arbuckle stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

2

judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.  RELEVANT MEDICAL EVIDENCE

Judge Arbuckle's report and recommendation ("R&R"), as well as the initial briefs of the parties and the ALJ' decision, (Tr. 11-25), contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Arbuckle's report with respect to her medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step

4

is in the record, the court incorporates by reference these portions of the R&R and the ALJ's decision.

**III.  DISCUSSION**

The plaintiff alleged an onset disability date of September 24, 2012. The Administrative Law Judge ("ALJ") found that the plaintiff was able to perform light work with restrictions and that she was not disabled through the date of his decision, October 31, 2014. (Tr. 11-25).

The plaintiff raises three objections to the R&R claiming that Judge Arbuckle erred in his report with respect to his findings about the decision of the ALJ, namely: (1) the judge erred in finding that the ALJ correctly evaluated the opinion of the consulting psychologist, Dr. Nolan; (2) the judge erred in finding that the ALJ's RFC assessment was supported by substantial evidence; and (3) the judge erred in finding that the ALJ correctly assessed plaintiff's credibility.[3]

The court has considered the R&R, plaintiff's objections to the R&R as well as the Commissioner's response, and will affirm the Commissioner.

Initially, the plaintiff contends that the ALJ should have given greater weight to the opinion of James Nolan, PhD., the consultative examining psychologist. The plaintiff contends that the ALJ rejected Dr. Nolan's opinion

---

[3]In his report, Judge Arbuckle specified the ALJ's findings which plaintiff challenged in her brief as well as his (Judge Arbuckle's) reasoning for finding that substantial evidence supported the ALJ's findings. As such, the court does not repeat these discussions herein.

5

regarding her mental health limitations without adequate reasoning and, that the reasons stated by the ALJ were not legitimate and specific. The plaintiff also states that if the ALJ was not clear as to the basis for Dr. Nolan's opinion, he should have re-contacted Dr. Nolan for clarification.

Upon de novo review of plaintiff's first objection, the court finds that Judge Arbuckle correctly found that the ALJ did not err in evaluating the opinion of Dr Nolan, and in affording limited weight to this doctor's opinion.

The record, as discussed by Judge Arbuckle, supports the ALJ's finding and the weight he afforded to Dr. Nolan's opinion. (Tr. 17, 21). Dr. Nolan performed a consultative psychological exam of the plaintiff on September 24, 2012, and he diagnosed plaintiff with conversion disorder and dysthymic disorder. (Tr. 373-375). The ALJ found that "Dr. Nolan's assessment of [plaintiff's] alleged symptoms to be a conversion disorder and its alleged associated functional limitations is not supported by the record as a whole", and that Dr. Nolan's findings were "based upon [plaintiff's] less than credible subjective complaints." The ALJ also stated that cardiac and neurological evaluations of the plaintiff performed after Dr. Nolan's exam showed that vasovagal syncope disorder caused the episodes of passing out alleged by the plaintiff as opposed to conversion disorder. (Tr. 21).

The ALJ found that plaintiff had severe mental health impairments, namely, syncope, depression and anxiety. (Tr. 13). However, the ALJ found that plaintiff's mental health impairments did not meet or equal a listed impairment. (Tr. 14-15). The ALJ also considered the opinion of the state

agency psychological consultant John Gavazzi, Psy.D., and he gave partial weight to Dr. Gavazzi's opinion, including his finding that Dr. Nolan's limitations regarding the plaintiff's functioning was "not consistent with [her] demonstrated abilities and her overall lack of mental health treatment." The ALJ also gave weight to Dr. Gavazzi's opinion that "the [plaintiff] is able to perform activities of daily living, communicate clearly, maintain socially appropriate behavior, and perform personal care functions needed to maintain an acceptable level of personal hygiene." (Tr. 21).

Judge Arbuckle found that the ALJ's assessment of the weight he afforded to Dr. Nolan's opinion was supported by substantial evidence since Dr. Nolan's opinion was not supported by the other evidence in the record and since Dr. Nolan largely based his opinion on plaintiff's own allegations of her symptoms and her limitations despite the fact that the doctor noted that he could not confirm plaintiff's credibility. In fact, Dr. Nolan's opinion was based on a one-time evaluation of plaintiff and the ALJ considered the relevant evidence in the record regarding plaintiff's mental impairments, discussed this evidence, and gave limited weight to the doctor's opinion since it was not supported by the evidence as a whole.

The record reveals that Judge Arbuckle correctly determined that substantial evidence supported the ALJ's finding with respect to the weight he gave to Dr. Nolan's opinion. *See* Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another.") (citation omitted). Also,

as Judge Arbuckle explains in his report, the ALJ was not required to re-contact Dr. Nolan because he did not have any doubts about the doctor's opinion. Thus, plaintiff's first objection to Judge Arbuckle's report will be overruled.

Second, the plaintiff contends that Judge Arbuckle erred in finding that the ALJ's residual functional capacity ("RFC") assessment was supported by substantial evidence. In this case, the plaintiff's RFC included both exertional and non-exertional limitations.[4] Plaintiff argues that Judge Arbuckle erred since the ALJ's RFC limitations did not account for her difficulty with concentration, persistence, or pace. Plaintiff states that merely limiting her to the performance of work involving simply, routine, repetitive tasks, and limiting her to occasional interaction with co-workers and supervisors, and no interaction with the public, is not sufficient to account for all of her restrictions. Based on the same reasoning, plaintiff contends that the ALJ's hypothetical to the vocational expert at her hearing, which contained the stated limitations in the RFC assessment, was not supported by substantial evidence.

No doubt that the ALJ is required to consider all relevant evidence in the record when assessing a plaintiff's RFC at step four. *See* Fargnoli v. Massanari, 247 F.3d 34, 41-42 (3d Cir. 2001). Also, the ALJ alone has the responsibility for making plaintiff's RFC assessment. *See* Mays v. Barnhart,

---

[4]In his report, Judge Arbuckle specified the ALJ's RFC finding, (Tr. 16-17), that plaintiff could perform light work with limitations. The court does not repeat it herein.

78 Fed. Appx. 808, 813 (3d Cir. 2003) ("[T]he ALJ is responsible for making a residual functional capacity determination based on the medical evidence, and he is not required to seek a separate expert medical opinion.").

In his report, Judge Arbuckle thoroughly discusses plaintiff's contentions regarding the ALJ's RFC findings and how the findings are supported by the record. As Judge Arbuckle explains, the limitations which the ALJ included in his RFC assessment are sufficient to account for plaintiff's mental impairments and her stated moderate limitations. Judge Arbuckle stated that the ALJ's RFC finding was consistent with Dr. Gavazzi's opinion. (Tr. 62). The Commissioner also points out that in Menkes v. Astrue, 262 Fed.Appx. 410, 412-13 (3d Cir. 2008), the Third Circuit found that "a limitation to 'simple, routine tasks' accounted for moderate concentration, persistence, or pace limitations." The Third Circuit in *Menkes, id.*, also found that there was no error in the hypothetical question the ALJ posed to the vocational expert limiting the plaintiff to simple routine tasks to address plaintiff's moderate limitations in concentration, persistence and pace. Judge Arbuckle also indicated that the plaintiff failed to show any additional limitations supported by the record that were unaccounted for in the ALJ's RFC determination. Therefore, plaintiff's second objection will be overruled since substantial evidence supports the ALJ's RFC assessment.

Third, plaintiff argues that Judge Arbuckle erred when he found that the ALJ properly assessed her credibility. The plaintiff testified at the hearing before the ALJ. The ALJ found that the plaintiff's medically determinable

9

impairments could reasonably be expected to cause her alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible based on his consideration of the record. (Tr. 17). The ALJ then discussed the medical evidence in the record and explained how it did not fully support the degree of limitations plaintiff alleged, including her testimony that she has constant pain that significantly limits her ability to walk. The ALJ also considered the plaintiff's activities she reported to her therapist, such as her canoeing and going for walks, and the plaintiff's conservative treatment. (Tr. 22).

In the instant case, the ALJ discussed how the medical evidence in the record did not support the extent of the limitations which the plaintiff alleged she had and why he only gave plaintiff's testimony limited credibility. As such, the ALJ considered the plaintiff's testimony along with the medical evidence.

Further, the ALJ considered the overlay of plaintiff's physical and mental impairments contrary to plaintiff's contention. As Judge Arbuckle points out, the ALJ's decision contains a thorough discussion of all of plaintiff's physical and mental impairments, as well as the limiting effects from those impairments, which were supported by the record. The ALJ also included limitations in plaintiff's RFC to accommodate for plaintiff's testimony regarding both her pain and mental conditions.

Plaintiff further states that Judge Arbuckle cited to the lack of emergency room visits to discredit her. However, Judge Arbuckle actually agreed with plaintiff that her lack of acute or emergency treatment did not

"automatically indicate that [she] lacks disabling symptoms or limitations." But Judge Arbuckle found that this evidence did support the ALJ's credibility determination of the plaintiff "when considered with the record as a whole", especially considering plaintiff's testimony stating that due to past syncope episodes she had concussions, hit her face on concrete, and her head severely, even though the record did not show that she sought acute or emergency treatment.

Thus, the ALJ properly assessed plaintiff's statements regarding her symptoms and substantial evidence supports his decision finding that plaintiff's testimony was not entirely credible. *See* Pacifico v. Colvin, 2015 WL 5695271, *12 (M.D.Pa. Sept. 28, 2015) ("An ALJ may reject a claimant's subjective testimony that is not found credible so long as there is an explanation for the rejection of the testimony."). Therefore, plaintiff's third objection will be overruled.

## IV. CONCLUSION

In light of the foregoing, Judge Arbuckle's report and recommendation, (Doc. 11), is **ADOPTED**, and plaintiff's objections, (Doc. 12), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision is **AFFIRMED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 4, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0749-01.wpd